Michael K. Friedland (SBN 157,217)
michael.friedland@fciplaw.com
David G. Kim (SBN 307,821)
david.kim@fciplaw.com
FRIEDLAND CIANFRANI LLP
17901 Von Karman Ave., Ste. 925
Irvine, CA 92614
949-734-4900

KANE KESSLER, P.C.
Adam M. Cohen, admitted pro hac vice
Jonathan M. Sabin, admitted pro hac vice
600 Third Avenue
New York, NY 10016
212-541-6222
acohen@kanekessler.com
jsabin@kanekessler.com

*Attorneys for Defendant and Counterclaimant*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LYMI Inc., Plaintiff, v. Few Moda, Inc., Defendant. | Case No.: 2:24-cv-4564-GW-RAOx |
| Few Moda, Inc. Counterclaimant, v. LYMI Inc., Counterclaim-Defendant. | **FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** JURY TRIAL DEMANDED |

Defendant Few Moda, Inc. ("Defendant"), on behalf of itself and no others, hereby asserts its amended answer, affirmative defenses and counterclaims to the Complaint of LYMI Inc.("LYMI" or "Plaintiff"). Section titles are provided herein only for ease of reference, and their appearance does not constitute an admission of any kind.

**NATURE OF ACTION**

1. Defendant denies the allegations contained in paragraph 1.

**PARTIES**

2. Defendant denies knowledge or information sufficient to form a belief concerning the truth of the allegations contained in paragraph 2 and therefore denies same.

3. Defendant admits the allegations contained in paragraph 3.

**JURISDICTION AND VENUE**

4. Paragraph 4 contains legal conclusions to which no response is required. However, to the extent any response is required, Defendant denies the allegations contained in paragraph 4.

5. Defendant denies the allegations contained in paragraph 5 of the Complaint.

6. Paragraph 6 contains legal conclusions to which no response is required. However, to the extent any response is required, Defendant denies the allegations contained in paragraph 6.

**ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

*Reformation and its Copyright-Protected Designs*

7. Defendant denies knowledge or information sufficient to form a belief concerning the truth of the allegations contained in paragraph 7 and therefore denies same.

8. Defendant denies knowledge or information sufficient to form a belief concerning the truth of the allegations contained in paragraph 8 and therefore denies same, except denies that the Reformation Designs are original, and refers to the copyright registrations for their content.

9. Defendant denies knowledge or information sufficient to form a belief concerning the truth of the allegations contained in paragraph 9 and therefore denies same

*Reformation and its Trademarks*

10. Defendant denies knowledge or information sufficient to form a belief concerning the truth of the allegations contained in paragraph 10 and therefore denies same.

11. Defendant denies knowledge or information sufficient to form a belief concerning the truth of the allegations in paragraph 11 and therefore denies same, and refers to the Reformation Registrations for their content.

12. Defendant denies the allegations contained in paragraph 12.

**Few Moda's Infringement of Reformation's Copyright-Protected Designs**

13. Defendant denies the allegations contained in paragraph 13.

14. Defendant denies the allegations contained in paragraph 14.

15. Defendant denies the allegations contained in paragraph 15.

16. Defendant denies the allegations contained in paragraph 16.

17. Defendant denies the allegations contained in paragraph 17.

18. Defendant denies the allegations contained in paragraph 18.

19. Defendant denies the allegations contained in paragraph 19.

20. Defendant denies the allegations contained in paragraph 20.

**Few Moda' False or Misleading Statements Regarding its Manufacturers and Unauthorized use of REFORMATION Mark**

21. Defendant denies the allegations contained in paragraph 21, except admits that it maintains a website at fewmoda.com.

22. Defendant denies the allegations contained in paragraph 22, and refers to its website for its contents.

23. Defendant denies the allegations contained in paragraph 23, and refers to its posts for their contents.

24. Defendant denies the allegations contained in paragraph 24.

25. Defendant denies the allegations contained in paragraph 25.

26. Defendant denies the allegations contained in paragraph 26.

27. Defendant denies the allegations contained in paragraph 27.

28. Defendant denies the allegations contained in paragraph 28, except admits that the statement was published on its website.

29. Defendant denies the allegations contained in paragraph 29.

30. Defendant denies the allegations contained in paragraph 30.

31. Defendant denies the allegations contained in paragraph 31.

32. Defendant denies the allegations contained in paragraph 32.

33. Defendant denies the allegations contained in paragraph 33.

**FIRST CLAIM FOR RELIEF**

**(Copyright Infringement under 17 U.S.C. § 101 *et seq.*)**

34. Answering paragraph 34, Defendant repeats each of its previous responses to the allegations contained in paragraphs 1 through 33.

35. Defendant denies the allegations contained in paragraph 35.

36. Defendant denies the allegations contained in paragraph 36.

37. Defendant denies the allegations contained in paragraph 37.

38. Defendant denies the allegations contained in paragraph 38.

39. Defendant denies the allegations contained in paragraph 39.

40. Defendant denies the allegations contained in paragraph 40.

41. Defendant denies the allegations contained in paragraph 41.

42. Defendant denies the allegations contained in paragraph 42.

**SECOND CLAIM FOR RELIEF**

**(Federal False Advertising under 15 U.S.C. § 1125(a)(1)(B))**

43. Answering paragraph 43, Defendant repeats each of its previous responses to the allegations contained in paragraphs 1 through 42.

44. Defendant denies the allegations contained in paragraph 44.

45. Defendant denies the allegations contained in paragraph 45.

46. Defendant denies the allegations contained in paragraph 46.

47. Defendant denies the allegations contained in paragraph 47.

48. Defendant denies the allegations contained in paragraph 48.

**THIRD CLAIM FOR RELIEF**

**(Lanham Act Trademark Infringement under 15 U.S.C. § 1114)**

49. Answering paragraph 49, Defendant repeats each of its previous responses to the allegations contained in paragraphs 1 through 48.

50. Defendant denies knowledge or information sufficient to form a belief concerning the truth of the allegations contained in paragraph 50 and therefore denies same, and refers to the registration of the Reformation Mark for its contents.

51. Defendant denies the allegations contained in paragraph 51.

52. Defendant denies the allegations contained in paragraph 52.

53. Defendant denies the allegations contained in paragraph 53.

54. Defendant denies the allegations contained in paragraph 54.

55. Defendant denies the allegations contained in paragraph 55.

**FOURTH CLAIM FOR RELIEF**

**(Lanham Act Trademark Infringement under 15 U.S.C. § 1125(a)(1)(A))**

56. Answering paragraph 56, Defendant repeats each of its previous responses to the allegations contained in paragraphs 1 through 55.

57. Defendant denies the allegations contained in paragraph 57.

58. Defendant denies the allegations contained in paragraph 58.

59. Defendant denies the allegations contained in paragraph 59.

60. Defendant denies the allegations contained in paragraph 60.

61. Defendant denies the allegations contained in paragraph 61.

62. Defendant denies the allegations contained in paragraph 62.

**FIFTH CLAIM FOR RELIEF**

**(False or Misleading Statements under Cal. Bus. & Prof. Code § 17500)**

63. Answering paragraph 63, Defendant repeats each of its previous responses to the allegations contained in paragraphs 1 through 62.

64. Defendant denies the allegations contained in paragraph 64.

65. Defendant denies the allegations contained in paragraph 65.

**SIXTH CLAIM FOR RELIEF**

**(California Unfair Competition under Cal. Bus. & Prof. Code § 17200)**

66. Answering paragraph 66, Defendant repeats each of its previous responses to the allegations contained in paragraphs 1 through 65.

67. Defendant denies the allegations contained in paragraph 67.

68. Defendant denies the allegations contained in paragraph 68.

**SEVENTH CLAIM FOR RELIEF**

**(California Common Law Trademark Infringement)**

69. Answering paragraph 69, Defendant repeats each of its previous responses to the allegations contained in paragraphs 1 through 68.

70. Defendant denies the allegations contained in paragraph 70.

**EIGHTH CLAIM FOR RELIEF**

**(California Common Law Unfair Competition)**

71. Answering paragraph 71, Defendant repeats each of its previous responses to the allegations contained in paragraphs 1 through 70.

72. Defendant denies the allegations contained in paragraph 72.

73. Defendant denies the allegations contained in paragraph 73.

74. Defendant denies the allegations contained in paragraph 74.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

The Complaint fails to state a claim upon which relief may be granted.

**Second Affirmative Defense**

Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, acquiescence and unclean hands.

**Third Affirmative Defense**

Plaintiff's claims are barred by the applicable statute of limitations.

**Fourth Affirmative Defense**

Plaintiff has suffered no damage on account of any wrongful conduct by Defendant.

**Fifth Affirmative Defense**

Plaintiff's copyright claims are barred by the doctrine of independent creation.

**Sixth Affirmative Defense**

Plaintiff's copyright claims are barred, in whole or in part, by the Scenes A Faire doctrine.

**Seventh Affirmative Defense**

Plaintiff's copyright claims are barred, in whole or in part, by the merger doctrine.

**Eighth Affirmative Defense**

Plaintiff's claims are barred by the doctrine of nominative fair use.

**Ninth Affirmative Defense**

Plaintiff is not entitled to attorneys' fees under the Lanham Act because this case is not exceptional under 15 U.S.C. § 1117(a).

**Tenth Affirmative Defense**

Plaintiff is not entitled to attorneys' fees under the Copyright Act because it does not have copyright registrations that predate the alleged infringement.

**Eleventh Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has suffered no damages.

**Twelfth Affirmative Defense**

Plaintiff cannot state a claim for trademark infringement, unfair competition, false designation of origin, or passing off because Plaintiff's alleged marks are merely descriptive and not distinctive and have not acquired secondary meaning.

**Thirteenth Affirmative Defense**

Plaintiff failed to mitigate its alleged damages.

**Fourteenth Affirmative Defense**

Plaintiff's works are not protectable under the Copyright Act because they lack originality.

**Fifteenth Affirmative Defense**

Plaintiff lacks authorship in its asserted copyrights.

**Sixteenth Affirmative Defense**

Defendant has priority of use of the alleged trademarks.

**Seventeenth Affirmative Defense**

Venue is not proper in this District.

**Eighteenth Affirmative Defense**

This Court does not have personal jurisdiction over Defendant.

**Nineteenth Affirmative Defense**

In addition to the foregoing defenses, Defendant retains the right to amend its Answer to raise additional affirmative and other defenses against Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant prays for judgment against Plaintiff as follows:

A. That all claims against Defendant be dismissed with prejudice;

B. That Defendant be awarded attorneys' fees, costs and disbursements pursuant to 15 U.S.C. §1117(a); and

C. That Defendant be awarded such other, different and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Few Moda, Inc. hereby demands a trial by jury on all issues so triable.

## COUNTERCLAIMS

Defendant/Counterclaim Plaintiff Few Moda, Inc., by its undersigned attorneys, asserts the following counterclaims ("Counterclaims") against Plaintiff/Counterclaim Defendant LYMI, Inc.

### The Parties

1. Counterclaim Plaintiff Few Moda, Inc. ("Few Moda") is a corporation duly organized and existing under and by virtue of the laws of the State of Delaware with its principal place of business in New York, New York.

2. Counterclaim Defendant LYMI, Inc. ("LYMI") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Vernon, California.

### Jurisdiction and Venue

3. This Court has jurisdiction over Few Moda's Counterclaims pursuant to 28 U.S.C. Section 1331, 28 U.S.C. § 1338 and 28 U.S.C. § 2201 et seq. as a declaratory judgment action for copyright invalidity arising under the Copyright Laws of the United States, 17 U.S.C. § 102 et. seq., and trademark invalidity arising under the Trademark Laws of the United States, 15 U.S.C. § 1121.

4. Venue is proper under 28 U.S.C. § 1391.

5. This Court has personal jurisdiction over LYMI because LYMI is a Delaware corporation doing business in the State of California and has availed itself of the jurisdiction of this Court by filing the Complaint in this matter.

## FIRST COUNTERCLAIM

### Declaratory Judgment of Invalidity of Copyright Registrations

6. Few Moda repeats and realleges and incorporates herein by reference Paragraphs 1 through 5 above, as though fully set forth herein.

7. LYMI's copyright registrations asserted in the Complaint, specifically its copyright registrations for its purported Splatter, Olympia, Lemonade, Lemon Drop, Clarissa, Posie and Orange Grove designs (collectively, the "Copyright Registrations"), are invalid on the grounds that the subject works of the Copyright Registrations do not satisfy the requisite level of originality required by Section 102 of the United States Copyright Act, 17 U.S.C. § 102 et seq.

8. Upon information and belief, Plaintiff is not the author of the subject matters of the Copyright Registrations and such Copyright Registrations are not valid because the subject matters were not created by LYMI.

9. There is an actual and active controversy regarding the rights of LYMI and the obligations of Few Moda with respect to the validity of the Copyright Registrations.

10. Few Moda is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that the foregoing Copyright Registrations are invalid.

## SECOND COUNTERCLAIM

### Declaratory Judgment of Trademark Invalidity (Orange Grove)

11. Few Moda repeats and realleges and incorporates herein by reference Paragraphs 6 through 10 above, as though fully set forth herein.

12. Plaintiff's purported unregistered mark "Orange Grove" which is used as the name of one of Plaintiff's designs is invalid because the mark is merely descriptive of the goods in connection with which it is used, namely apparel prints featuring orange groves.

13. The term "Orange Grove" merely describes information about the nature of the goods in connection with which it is used and does not function as a source identifier.

14. The purported mark "Orange Grove" has not acquired secondary meaning as it has not come to be associated in consumers' minds with a single source.

15. There is an actual and active controversy regarding the rights of LYMI and the obligations of Few Moda with respect to the validity of the purported unregistered mark "Orange Grove."

16. Few Moda is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that the purported mark "Orange Grove" is invalid.

## PRAYER FOR RELIEF

**WHEREFORE**, Few Moda respectfully requests that the Court enter judgment that:

A. The claimed Copyright Registrations be adjudged invalid and/or unenforceable;

B. The purported mark "Orange Grove" be adjudged invalid and/or unenforceable;

C. Few Moda shall be awarded its costs and reasonable attorneys' fees expended in defending this action and prosecuting its counterclaims; and

D. Few Moda shall be awarded such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL ON COUNTERCLAIMS

Pursuant to Fed. R. Civ. P 38, Few Moda hereby demands a trial by jury as to all triable issues on its Counterclaims.

Dated: February 27, 2025 FRIEDLAND CIANFRANI LLP

/s/ *Michael K. Friedland*

Michael K. Friedland (SBN 157,217)
michael.friedland@fciplaw.com
David G. Kim (SBN 307821)
david.kim@fciplaw.com
FRIEDLAND CIANFRANI LLP
17901 Von Karman Ave., Ste. 925
Irvine, CA 92614
949-734-4900

KANE KESSLER, P.C.
Adam M. Cohen, admitted pro hac vice
Jonathan M. Sabin, admitted pro hac vice
600 Third Avenue
New York, NY 10016
212-541-6222
acohen@kanekessler.com
jsabin@kanekessler.com

*Attorneys for Defendant and Counterclaimant*