1
2
3
4
5
6
7

8            **UNITED STATES DISTRICT COURT**

9    **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10

| | |
|---|---|
| LYMI Inc., | Case No. 2:24-cv-4564-GW-RAO |
|       Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
|    v. | |
| Few Moda Inc., | |
|       Defendant. | |

17      Plaintiff LYMI Inc. ("Reformation" or "Plaintiff") and Defendant Few Moda Inc. ("Few Moda" or "Defendant"), by and through their undersigned counsel, submit this Stipulated Protective Order governing discovery in this case. This Stipulated Protective Order is substantially based on the model protective order provided under Magistrate Judge Rozella A. Oliver's Procedures.

22 **1.**     **PRELIMINARY MATTERS**

23     **1.1**    **Purposes and Limitations**

24      Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this

Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

### 1.2    Good Cause Statement

In the operative complaint, Plaintiff asserts claims for relief against Defendant for 1) federal copyright infringement, 2) federal trademark infringement, 3) federal false advertising, and 4) related state law claims. Defendant denies all of Plaintiff's claims and all liability in this action.

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical, confidential and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential,

non-public manner, and there is good cause why it should not be part of the public record of this case.

### 1.3    Acknowledgment of Procedure for Filing Under Seal

The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006); *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677–79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking

protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

**2.    DEFINITIONS**

**2.1    Action:**

The present pending lawsuit: *LYMI Inc. v. Few Moda Inc.*, No. 2:24-cv-4564.

**2.2    Challenging Party:**

A Party or Non-Party that challenges the designation of information or items under this Order.

**2.3    "CONFIDENTIAL" Information or Items:**

Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

**2.4    Counsel (without qualifier):**

Outside Counsel of Record and House Counsel (as well as their support staff).

**2.5    Designated House Counsel:**

House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter

**2.6    Designating Party:**

A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

**2.7    Disclosure or Discovery Material:**

All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

**2.8    Expert:**

A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

**2.9    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:**

Extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

**2.10    House Counsel:**

Attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

**2.11    Non-Party:**

Any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

**2.12    Outside Counsel of Record:**

Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

**2.13   Party:**

Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

**2.14   Producing Party:**

A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

**2.15   Professional Vendors:**

Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**2.16   Protected Material:**

Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

**2.17   Receiving Party:**

A Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain

STIPULATED PROTECTIVE ORDER

21507390.1

after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**4.     DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.     DESIGNATING PROTECTED MATERIAL**

**5.1     Exercise of Restraint and Care in Designating Material for Protection.**

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

21507390.1

Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

**5.2    Manner and Timing of Designations.**

Except as otherwise provided in this Order (*see*, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") or the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") (hereinafter the "AEO legend"), to each page that contains protected material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the

Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate CONFIDENTIAL legend or AEO legend to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identifies the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless

9

21507390.1

otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

**5.3    Inadvertent Failures to Designate.**

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

**6.1    Timing of Challenges.**

Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.2    Meet and Confer.**

The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq, by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to

confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 10 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

### 6.3 Burden of Persuasion, Sanctions.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

### 7.1 Basic Principles.

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

STIPULATED PROTECTIVE ORDER

21507390.1

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

### 7.2    Disclosure of "CONFIDENTIAL" Information or Items.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed

21507390.1

deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

**7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information of Items.**

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) Designated House Counsel of the Receiving Party (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this l Action, and (3) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed;

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this Action, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

(d) the court and its personnel and any other mediator, settlement officer, or dispute resolution officer duly appointed or assigned in connection with this Action;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**7.4    Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Designated House Counsel or Experts.**

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making.

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony,

21507390.1

1   including through a declaration, report, or testimony at a deposition or trial, during

2   the preceding five years.

3       (b) A Party that makes a request and provides the information specified in the

4   preceding respective paragraphs may disclose the subject Protected Material to the

5   identified Designated House Counsel or Expert unless, within 14 days of delivering

6   the request, the Party receives a written objection from the Designating Party. Any

7   such objection must set forth in detail the grounds on which it is based.

8       (c) A Party that receives a timely written objection must meet and confer with

9   the Designating Party (through direct voice to voice dialogue) to try to resolve the

10  matter by agreement within seven days of the written objection. If no agreement is

11  reached, the Party seeking to make the disclosure to Designated House Counsel or

12  the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance

13  with Civil Local Rule 79-5, if applicable) seeking permission from the court to do

14  so. Any such motion must describe the circumstances with specificity, set forth in

15  detail the reasons why the disclosure to Designated House Counsel or the Expert is

16  reasonably necessary, assess the risk of harm that the disclosure would entail, and

17  suggest any additional means that could be used to reduce that risk. In addition, any

18  such motion must be accompanied by a competent declaration describing the parties'

19  efforts to resolve the matter by agreement (i.e., the extent and the content of the

20  meet and confer discussions) and setting forth the reasons advanced by the

21  Designating Party for its refusal to approve the disclosure.

22      In any such proceeding, the Party opposing disclosure to Designated House

23  Counsel or the Expert shall bear the burden of proving that the risk of harm that the

24  disclosure would entail (under the safeguards proposed) outweighs the Receiving

25  Party's need to disclose the Protected Material to its Designated House Counsel or

26  Expert.

27

28

21507390.1

**8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY." Such information produced by

16

Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

21507390.1

to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The production of any privileged or otherwise protected or exempted information, as well as the production of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the protection afforded to work-product materials, or the subject matter thereof, or the confidential nature of any such information, as to the produced information, or any other information.

The production of privileged or work-product protected documents, electronically stored information (ESI), or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

The Producing Party must notify the Receiving Party promptly, in writing, upon discovery that privileged or otherwise protected material has been produced. Upon receiving written notice from the Producing Party that privileged or work-product material has been produced, all such information, and all copies thereof, shall be returned to the Producing Party within 10 business days of receipt of such notice and the Receiving Party shall not use such information for any purpose, except as provided in this section, until further order of the Court. The Receiving Party shall also attempt, in good faith, to retrieve and return or destroy all copies of the documents in electronic format.

21507390.1

The Receiving Party may contest the privilege or work-product designation by the Producing Party, and shall give the Producing Party written notice of the reason for said disagreement. However, the Receiving Party may not challenge the privilege or immunity claim by arguing that the disclosure itself is a waiver of any applicable privilege. In that instance, the Receiving Party shall, within 15 business days from the initial notice by the Producing Party, seek an order from the Court compelling the production of the material.

Any analyses, memoranda or notes which were internally generated based upon such produced information shall immediately be placed in sealed envelopes, and shall be destroyed in the event that (a) the Receiving Party does not contest that the information is privileged, or (b) the Court rules that the information is privileged. Such analyses, memoranda or notes may only be removed from the sealed envelopes and returned to its intended purpose in the event that (a) the Producing Party agrees in writing that the information is not privileged, or (b) the Court rules that the information is not privileged.

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness or segregation of privileged or protected information before production.

## 12.    MISCELLANEOUS

### 12.1    Right to Further Relief.

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

### 12.2    Right to Assert Other Objections.

By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party

21507390.1

1  waives any right to object on any ground to use in evidence of any of the material
2  covered by this Protective Order.

3      **12.3    Filing Protected Material.**

4      A Party that seeks to file under seal any Protected Material must comply with
5  Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a
6  court order authorizing the sealing of the specific Protected Material at issue. If a
7  Party's request to file Protected Material under seal is denied by the court, then the
8  Receiving Party may file the information in the public record unless otherwise
9  instructed by the court.

10  **13.    FINAL DISPOSITION**

11      After the final disposition of this Action, as defined in Section 4, within 60
12  days of a written request by the Designating Party, each Receiving Party must return
13  all Protected Material to the Producing Party or destroy such material. As used in
14  this subdivision, "all Protected Material" includes all copies, abstracts, compilations,
15  summaries, and any other format reproducing or capturing any of the Protected
16  Material. Whether the Protected Material is returned or destroyed, the Receiving
17  Party must submit a written certification to the Producing Party (and, if not the same
18  person or entity, to the Designating Party) by the 60 day deadline that (1) identifies
19  (by category, where appropriate) all the Protected Material that was returned or
20  destroyed and (2) affirms that the Receiving Party has not retained any copies,
21  abstracts, compilations, summaries or any other format reproducing or capturing any
22  of the Protected Material. Notwithstanding this provision, Counsel are entitled to
23  retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing
24  transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert
25  reports, attorney work product, and consultant and expert work product, even if such
26  materials contain Protected Material. Any such archival copies that contain or
27  constitute Protected Material remain subject to this Protective Order as set forth in
28  Section 4 (DURATION).

21507390.1

**14.    VIOLATION**

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

It is so stipulated, through counsel of record.

DATED: February 7, 2025                    HANSON BRIDGETT LLP


By:       /s/ Justin Thiele
          _____
          HANSON BRIDGETT LLP
          RAFFI V. ZEROUNIAN, SBN 236388
          rzerounian@hansonbridgett.com
          JUSTIN P. THIELE, SBN 311787
          Jthiele@hansonbridgett.com
          601 W. 5th Street, 3rd Floor
          Los Angeles, California 90071
          Telephone:   (213) 395-7620

          GARNER K. WENG, SBN 191462
          gweng@hansonbridgett.com
          425 Market Street, 26th Floor
          San Francisco, California 94105
          Telephone:   (415) 777-3200

          *Attorneys for Plaintiff LYMI Inc.*

21507390.1

1  DATED: February 7, 2025                FRIEDLAND CIANFRANI LLP

2

3

4                                By:      /s/ Jonathan M. Sabin
                                         Michael K. Friedland (SBN 157,217)
5                                        michael.friedland@fciplaw.com
                                         David G. Kim (SBN 307821)
6                                        david.kim@fciplaw.com
                                         FRIEDLAND CIANFRANI LLP
7                                        17901 Von Karman Ave., Ste. 925
                                         Irvine, CA 92614
8

9                                        KANE KESSLER, P.C.
10                                       Adam M. Cohen (admitted *pro hac vice*)
                                         Jonathan M. Sabin (admitted *pro hac vice*)
11                                       600 Third Avenue
                                         New York, NY 10016
12                                       212-541-6222
                                         acohen@kanekessler.com
13                                       jsabin@kanekessler.com

14

15                                       *Attorneys for Defendant*

16

17

18

19

20

21

22

23

24

25

26

27

28

21507390.1
STIPULATED PROTECTIVE ORDER

1  For good cause shown, it is so ordered.

2  DATED:  April 8, 2025

3

4  _____

5  Hon. Rozella A. Oliver
   United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER

21507390.1

**Exhibit A**

**Acknowledgement and Agreement to be Bound**

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on [date] in the case of *LYMI Inc. v Few Moda Inc.* (2:24-cv-4564). I agree to

comply with and to be bound by all the terms of this Stipulated Protective Order and

I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt. I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of

this action. I hereby appoint _____ [print or type full

name] of _____ [print or type full address

and telephone number] as my California agent for service of process in connection

with this action or any proceedings related to enforcement of this Stipulated

Protective Order.

Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____

24

STIPULATED PROTECTIVE ORDER

21507390.1

1  **Multiple Signature Attestation**

2        Pursuant to Local Rule 5-4.3.4(a)(2)(i), I attest that all other signatories listed,

3  and on whose behalf the filing is submitted, concur in the content of this stipulation

4  and have authorized the filing of this stipulation.

5

6  DATED: February 7, 2025                  HANSON BRIDGETT LLP

7

8

9                                     By:      /s/ Justin Thiele

10                                          RAFFI V. ZEROUNIAN
                                            GARNER K. WENG
11                                          JUSTIN P. THIELE
                                            Attorneys for Plaintiff LYMI Inc.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28